USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 97-2230

 MADELINE QUILICHINI-PAZ,

 Plaintiff, Appellee,

 v.

 ISMAEL RAMIREZ-SOTO, ET AL.,

 Defendants, Appellees.
 ____________________

 COUNCIL OF HIGHER EDUCATION OF PR.,

 Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Carmen Consuelo Cerezo, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Campbell, Senior Circuit Judge,
 and Lipez, Circuit Judge.
 
 

 Nilda M. Navarro-Cabrer and Navarro-Cabrer & Cruz-Martino on
brief for appellant.

December 4, 1998

 Per Curiam. Third-party defendant, the Council on
 Higher Education of Puerto Rico ("CHE"), appeals from the
 district court's denial of summary judgment on the ground of
 Eleventh Amendment immunity. "[P]retrial orders granting or
 denying Eleventh Amendment immunity [are] immediately
 appealable." Metcalf & Eddy v. Puerto Rico Aqueduct & Sewer
 Authority, 991 F.2d 935, 937 (1st Cir. 1993). Where, as in
 this case, the Eleventh Amendment issue is essentially one of
 law, this court affords plenary review to the district court's
 denial of immunity. Id. at 938.
 To aid in determining whether a state-created entity,
 such as CHE, is an "arm of the state" entitled to Eleventh
 Amendment immunity, this court has identified a list of factors
 to be considered. See Metcalf & Eddy, 991 F.2d at 939-40. 
 Applied to CHE, those factors weigh heavily in favor of
 immunity. CHE lacks authority to generate revenue and relies
 on the Commonwealth treasury for its funding (it may also
 accept federal educational funds). It is, therefore, unable to
 satisfy judgments against it from its own resources except as
 funds for that purpose are legislatively provided. Compare id.at 942. CHE's powers - licensing and accrediting public and
 private universities as a condition to their legal right to
 operate within the commonwealth, coupled with its enforcement
 powers, such as the power to issue cease and desist orders and
 impose fines - are more governmental than proprietary. SeePuerto Rico Ports Authority v. M/V Manhattan Prince, 897 F.2d
 1, 12 (1st Cir. 1990)(ruling that PRASA's functions of setting
 and enforcing standards is governmental, not proprietary). The
 statute creating CHE gives it "only such powers that are
 indispensable to exercise official functions in an area vested
 with great public interest such as higher education." 18
 L.P.R.A. 852.
 CHE is not separately incorporated. Compare Metcalf
 & Eddy, 991 F.2d at 942 (noting that PRASA is separately
 incorporated in ruling that it is not an arm of the
 Commonwealth); Royal Caribbean Corp. v. Puerto Rico Ports
 Authority, 973 F.2d 8, 11 (1st Cir. 1992) (weighing factor that
 Ports Authority is a "public corporation" in ruling that it is
 not an arm of the Commonwealth). Nor has the Commonwealth
 "explicitly insulated itself from any financial responsibility"
 with respect to CHE. Metcalf & Eddy, 991 F.2d at 940. The
 Commonwealth exercises substantial control over CHE in that CHE
 members are appointed by the Governor with the advice and
 consent of the senate. The Commonwealth's Secretary of
 Education serves as an ex-officio member of the Board. This
 court has weighed such factors heavily in finding that an
 entity is an arm of the Commonwealth. See In re San Juan Dupont
 Plaza Hotel Fire Litigation, 888 F.2d 940, 943 (1st Cir. 1989);
 Culebras Enterprises Corp. v. Rivera Rios, 813 F.2d 506, 517
 (1st Cir. 1987); Perez v. Rodriguez Bou, 575 F.2d 21, 25 (1st
 Cir. 1978).
 The only factors that weigh against immunity are
 CHE's powers to sue and be sued and to contract. Those factors
 alone, however, are not sufficient to support the district
 court's denial of immunity. See University of Rhode Island v. A.W. Chesterton Co., 2 F.3d 1200, 1207 n.11; Culebras
 Enterprises Corp., 813 F.2d at 517. We conclude that the
 district court erred when it ruled that CHE was not an arm of
 the Commonwealth for Eleventh Amendment purposes.
 The district court's denial of CHE's motion for
 summary judgment and request for dismissal of all claims
 against it on Eleventh Amendment immunity grounds is reversed.
 The case is remanded to the district court with instructions to
 dismiss the third-party complaint against CHE. 
 
 
 
 
 
 
 
 
 
 cc: Mr. Baella-Silva, Ms. Rodriguez-Mora, 
 Ms. Maldonado-Colon, Ms. Navarro-Cabrer